IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN - 4 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| QWEN R. JOHNSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | NO. 3-08-CV-1488-BD |
| § | |
| MICHAEL J. ASTRUE, § | |
| Commissioner of Social Security § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Qwen R. Johnson seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is affirmed.

I.

Plaintiff alleges that she is disabled due to a variety of ailments, including coronary artery disease, abnormal pulmonary function, morbid obesity, hypertension, high cholesterol, dizziness, nausea, headaches, left hand tingling, an affective disorder, and depression. After her application for supplemental security income ("SSI") benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on November 8, 2006. At the time of the hearing, plaintiff was 43 years old. She has an eighth grade education and past work experience as a cashier and a home attendant. Plaintiff has not engaged in substantial gainful activity since August 1, 2003.

The ALJ found that plaintiff was not disabled and therefore not entitled to SSI benefits. Although the medical evidence established that plaintiff suffered from coronary artery disease,

abnormal pulmonary function, morbid obesity, an affective disorder, and a major depressive disorder, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a limited range of light work, but could not return to her past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a small products bench assembler, an officer helper, a document preparer, and in assembly or printed layout -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In three grounds for relief, plaintiff contends that: (1) the ALJ failed to properly evaluate the opinions of a treating mental health provider; (2) the ALJ improperly assessed her credibility; and (3) the ALJ failed to consider all her impairments in determining residual functional capacity.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize

the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct.

2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff first contends that the ALJ did not give proper weight to the opinions of Teresa Kline, a licensed professional counselor at Dallas Metrocare Services,[1] who determined that plaintiff was "unable to maintain daily responsibilities." (*See* Plf. MSJ Br. at 4-6; Tr. at 448). The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the

---

[1] Dallas Metrocare Services was formerly known as the Dallas County Mental Health and Mental Retardation (MHMR) Center.

other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993). Even if a treating source opinion is not given controlling weight, it still is entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.972." SSR 96-2p, 1996 WL 374188 at *4 (Jul. 2, 1996). *See also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). These factors require consideration of:

1. the physician's length of treatment of the claimant;

2. the physician's frequency of examination;

3. the nature and extent of the treatment relationship;

4. the support of the physician's opinion afforded by the medical evidence of record;

5. the consistency of the opinion with the record as a whole; and

6. the specialization of the treating physician.

20 C.F.R. § 404.1527(d)(2). A treating source opinion cannot be rejected absent good cause for reasons clearly articulated in the hearing decision. *See Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). More specifically, the ALJ must clearly articulate the weight given to the treating source opinion:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

SSR 96-2p, 1996 WL 374188 at *4-5.

The record shows that plaintiff sought treatment from Dallas Metrocare Services for a major depressive disorder beginning in 2002. (*See* Tr. at 404-58). In a NorthSTAR Outpatient Authorization Tool and Treatment Plan dated March 21, 2005, Kline determined that plaintiff had

a significant mental functional impairment and noted that she "is unable to maintain daily responsibilities." (*Id.* at 448). The ALJ rejected that opinion, finding that plaintiff's mental impairment resulted in only moderate limits on daily activities, social functioning, concentration, persistence, and pace, with no episodes of decompensation evidenced in the record. (*Id.* at 17). The judge also found that plaintiff had the mental residual functional capacity to understand, remember, and follow simple 1, 2, 3 step instructions, complete repetitive tasks, perform simple routine tasks, but should avoid high production quotas and problem solving and be limited to work involving only occasional contact with the public and no more than minimal interaction with co-workers. (*See id.*). In a thorough and well-reasoned decision, the ALJ explained why she rejected Kline's opinion in favor of those expressed by Alvin Smith, Ph.D., a licensed psychologist who testified at the administrative hearing:

> Dr. Smith testified that the claimant has affective disorder: Major Depression, which is severe but does not meet or equal any listed impairment. He noted that she has had contact with MHMR when in crisis; specifically in October 2002 after a suicide attempt by taking a lot of pills. She was given Prozac but there was no follow-up. Again in March 2005 some crisis presented and a case worker noted the claimant could not function in any area of life. Dr. Smith noted this was an intake assessment and not necessarily based on any clinical record. He said it served to get the claimant accepted for treatment but was not based on the objective record as a whole. He opined that the claimant was moderately limited in activities of daily living based on her reported dependency on her daughter; moderately limited in social activities or socially constricted secondary to her perceived physical problems. She occasionally reports auditory hallucinations specific to her son being killed. He noted [ ] the claimant's memory was reportedly intact. At her worst when in crisis she has been characterized with antisocial personality disorder with decreased concentration and decreased memory. He opined that a GAF of 42-40 means the claimant could perform at lower level jobs but doesn't rule out all jobs.

(*Id.* at 18). This explanation constitutes "good cause" for giving Kline's opinion limited or no credence. Although the ALJ did not make a specific finding as to each of the factors set forth in 20 C.F.R. § 404.1527(d)(2), the regulations require only that the Commissioner "apply" the factors and articulate good reasons for the weight assigned to a treating source opinion. *See* 20 C.F.R. § 404.1527(d)(2). The ALJ need not recite each factor as a litany in every case. No error occurred in this regard.

The court also notes that Kline, a licensed professional counselor, is not an "acceptable medical source" whose opinions are entitled to controlling weight. *Nickerson v. Astrue*, No. 3-07-CV-0921-BD, 2009 WL 321298 at *6 (N.D. Tex. Feb. 6, 2009) (Kaplan, J.), *citing Zumwalt v. Astrue*, 220 Fed. Appx. 770, 2007 WL 853206 at *9 (10th Cir. Mar. 22, 2007) (MHMR counselors who evaluated plaintiff were not "acceptable medical sources"); *see also Johnson v. Apfel*, No. 98-0674-AH-G, 2000 WL 208741 at *2 (S.D. Ala. Feb. 17, 2000) (licensed professional counselor is not an "acceptable medical source"). Only licensed physicians or osteopathic doctors, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists are considered "acceptable medical sources" who can provide evidence that a claimant suffers from a medically determinable impairment. *See* 20 C.F.R. §§ 404.1513(a) & 416.913(a). Without contrary evidence from an "acceptable medical source," the ALJ was entitled to rely on Dr. Smith's opinion that plaintiff did not have a disabling mental impairment.

C.

Next, plaintiff argues that the ALJ improperly assessed her credibility. (*See* Plf. MSJ Br. at 6-10). At the administrative hearing, plaintiff testified that because of her impairments, including dizziness, nausea, and headaches, she "basically [ ] sits[s] around," "do[es] nothing," and "sleep[s] most of the time." (Tr. at 519, 531-32). The ALJ rejected plaintiff's testimony concerning the

intensity, persistence, and limiting effects of her symptoms as "not entirely credible." (*Id.* at 18). Specifically, the ALJ explained:

> The claimant left school in the ninth grade secondary to pregnancy. She became ill after her son was killed. She lives with her daughter, doing nothing except sitting around all day or sleeping. She takes Trazadone for sleep but gets dizzy and has headaches that she attributed to taking nitrogylcerin for angina pectoris. She alleges she must keep her feet elevated but there is nothing in the record to confirm that.

(*Id.*) (internal citations omitted). The judge further noted that Dr. Sterling Moore, a medical expert, testified there was no evidence that plaintiff's symptoms of dizziness, nausea, and headaches were ongoing in that "there are no reported emergency room visits," and a consulting physician could not rule out the possibility that plaintiff was malingering. (*Id.*).

The social security regulations establish a two-step process for evaluating subjective complaints of pain and other symptoms. First, the ALJ must consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the pain or other symptoms alleged. *See* SSR 96-7p, 1996 WL 374186 at *2 (Jul. 2, 1996). Where such an impairment has been proved, the ALJ must evaluate the intensity, persistence, and limiting effects of the symptoms to determine whether they limit the ability to do basic work activities. *Id.*; *see also* 20 C.F.R. § 404.1529. In addition to objective medical evidence, the ALJ should consider the following factors in assessing the claimant's credibility:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and
>
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186 at *3. Although the ALJ must give specific reasons for her credibility determination, "neither the regulation nor interpretive case law requires that an ALJ name, enumerate, and discuss each factor in outline or other rigid, mechanical form. It suffices when the administrative decision is sufficiently specific to make clear that the regulatory factors were considered." *Prince v. Barnhart*, 418 F.Supp.2d 863, 871 (E.D. Tex. 2005), *citing Shave v. Apfel*, 238 F.3d 592, 595 (5th Cir. 2001).

In her decision, the ALJ cited to the applicable regulations, summarized the evidence, and articulated legitimate reasons for finding that plaintiff's testimony was "not entirely credible." (Tr. at 18). Contrary to plaintiff's argument, the ALJ did not misinterpret the record regarding the absence of emergency room records demonstrating that plaintiff suffered dizziness, nausea, and headaches. (*See* Plf. MSJ Resp. Br. at 9). The records on which plaintiff relies are not emergency room records, but rather progress notes of regularly scheduled follow-up visits with her doctor. (Tr. at 370-72, 380). Nor is there any medical evidence to suggest that plaintiff's dizziness, nausea, and headaches preclude her from all work activity. To the contrary, a residual functional capacity assessment performed by a state agency physician shows that plaintiff can perform a limited range of light work. (*See id.* at 226-233). A similar conclusion was reached by Dr. Moore, a specialist in

internal medicine and rhuematology. (*Id.* at 537). The ALJ used the proper legal standards in assessing plaintiff's credibility, and the resulting determination is supported by substantial evidence.

### D.

Finally, the court disagrees with plaintiff's assertion that the ALJ failed to consider all of her potentially disabling impairments. (*See* Plf. MSJ Br. at 10-12). The record demonstrates that the judge heard and evaluated plaintiff's testimony, as well as the testimony of two medical experts. (*See* Tr. at 531-37). The hearing decision cites to the applicable regulations and indicates that the judge reviewed all of the medical evidence submitted by plaintiff, including records referencing her nausea, headaches, left arm tingling, and dizziness. (*See id.* at 15-16, 18). "[A]n ALJ's consideration of all medical evidence permits an inference that [she] considered all alleged impairments." *Zeno v. Barnhart*, No. 1-03-CV-649, 2005 WL 588223 at *4-5 (E.D. Tex. Feb. 4, 2005), *citing Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004). Even if plaintiff could overcome this inference, she has failed to establish prejudice. Nothing in the record suggests that plaintiff's nausea, headaches, left arm tingling, and dizziness, either singly or in combination with other impairments, are disabling. Without such evidence, there is no basis for concluding that the ALJ's failure to consider additional impairments would have changed the outcome of the disability determination.

### **CONCLUSION**

The hearing decision is affirmed in all respects.

SO ORDERED.

DATED: January 4, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE